JUSTICE COTTER
concurs.
¶32 I concur in the Court’s Opinion. I write separately to offer the following.
¶33 As the Court points out at ¶ 10 of its Opinion, DNF Sanitation stands for the proposition that the State may preempt action of local governments with self-government powers only “if there is an express prohibition by statute which forbids local governments with self-government powers from acting in a certain area.” DNF Sanitation, 219 Mont, at 445, 713 P.2d at 982. Clearly, HB 758 by its terms does not expressly prohibit cities with self-governing powers from regulating smoking in public establishments. To the contrary, we can conclude from the specificity of HB 758 that the Legislature had no intention of prohibiting these cities from regulating smoking in most public buildings. The sole concern of the Legislature was with buildings containing video gaming machines. Thus, if anything, HB 758 reflects the Legislature’s tacit agreement that self-governing cities may exercise the power to regulate smoking in most local facilities. ¶34 Nothing in the Constitution or the laws of this state gives the Legislature the authority to at once allow the exercise of a power by a self-governing city, while declaring that certain entities or establishments shall be exempt from the operation of that otherwise valid-that is, unprohibited-exercise of self-government power. If anything, in granting a special privilege to the video gaming industry by exempting it from the operation of a local smoking ordinance which by its terms is applicable to all local public buildings, the Legislature has arguably violated Article II, Section 31 of the Montana Constitution which prohibits any law which makes an irrevocable grant of special privileges, franchises, or immunities. For this reason, in addition to those set forth in the Court’s Opinion, I concur in the *82 result reached by the Court.
JUSTICE NELSON joins in the concurrence of JUSTICE COTTER.